MEMO ENDORSED

# Westchester
## gov.com

George Latimer
County Executive

Office of the County Attorney

John M. Nonna
County Attorney

*The Clerk of the Court is requested to terminate the motion at ECF No. 96.*

*The parties are directed to make the request to Judge Smith.*

The application is ___ granted.
                   X denied.

/s/ Nelson S. Román
Nelson S. Román, U.S.D.J.
Dated: February 20, 2020
White Plains, New York 10601

February 18, 2020

**VIA ECF (courtesy copy via UPS overnight)**

Hon. Nelson S. Romàn, U.S. District Judge
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

Re: *Selwyn Days v. Eastchester Police Department et al.*, 18-cv-11538 (NSR)(LMS)
    Letter-Motion to Stay Remaining Discovery

Dear Judge Romàn:

Pending before the Court is a fully-briefed motion to dismiss the above-captioned case on behalf of Westchester County and Christopher Calabrese (the "Westchester defendants"). Also pending, though not yet fully briefed, is a motion to dismiss on behalf of the remaining ("Eastchester") defendants. The undersigned writes, on behalf of all defendants, to respectfully request that the remaining discovery in this case be stayed pending the outcome of these motions.

By way of background, in February 2019 the Westchester defendants requested a pre-motion conference regarding dismissal of the original complaint. (Dckt. Entry 25.) The Eastchester defendants answered. (Dckt. Entry 23.) On March 14, 2019, the Court accordingly held a combined pre-motion and pre-trial conference, and issued a discovery plan and scheduling order. (Dckt. Entry 34.)

The parties (including the Westchester defendants) subsequently exchanged document demands, interrogatories, and requests for admission, and collectively produced thousands of pages of documents. Plaintiff's counsel also personally inspected the Eastchester Police Department's files. Documentary discovery is now essentially complete; party depositions have been noticed but not scheduled.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/2020

Michaelian Office Building, Suite 600
148 Martine Avenue
White Plains, New York 10601
Telephone: (914) 995-3616

dhca@westchestergov.com

The Westchester defendants served their motion to dismiss in July 2019;[1] the motion was fully briefed in September 2019. (Dckt. Entries 65-69.) In December 2019, with leave of the Court (Dckt. Entry 80), the Westchester defendants supplemented their motion with briefing on the statute of limitations issue. This supplemental briefing is now complete.

On January 9, 2020, the Court granted the Eastchester defendants' request for leave to amend their answer and move to dismiss. (Dckt. Entry 92.) The Eastchester defendants have since served their motion, which is due to be fully briefed and filed by March 25, 2020.

*******

"Under Rule 26(c) of the Federal Rules of Civil Procedure, a court may, in its discretion, stay discovery for 'good cause.'" *Ellington Credit Fund, Ltd. v. Select Portfolio Servs.*, No. 08-cv-2437 (RJS), 2008 U.S. Dist. LEXIS 133066, at *7 (S.D.N.Y. June 11, 2008). "Good cause may be shown where a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order." *Id.* (citations omitted).

Regarding the first factor, both sets of defendants have either fully briefed, or are in the process of briefing, dispositive motions. Regarding the second, "the proposed length of the stay is limited to the time required for the Court to decide the[se] motions." *Id.* at *8. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Id.* (citation omitted).

Regarding the third factor, a temporary stay of discovery does not constitute "prejudice" merely because a case has been pending for some time. *See Spinelli v. NFL*, No. 13-cv-7398 (RWS), 2015 U.S. Dist. LEXIS 155816, at *6 (S.D.N.Y. Nov. 17, 2015) (staying discovery two years into case). This is especially so where, as here, there is no risk of losing documents because documentary discovery is already complete. Moreover, any assertion that prejudice would result merely because "witnesses' memories fade with the passage of time" should be rejected, as this is one of "the usual litigation risks that affect all the parties equally, regardless of the amount of time permitted for discovery." *In re Term Commodities Cotton Futures Litig.*, No. 12-cv-5126 (ALC)(KNF), 2013 U.S. Dist. LEXIS 65797, at *23 (S.D.N.Y. May 8, 2013); *see also Reynolds v. Time Warner Cable, Inc.*, No. 16-cv-6165W, 2017 U.S. Dist. LEXIS 10462, at *5 (W.D.N.Y. Jan. 25, 2017) (granting stay in part because "plaintiff himself is likely the most important witness in support of his claims").

Notably, the pending depositions cannot even occur, per the parties' agreement, until Plaintiff's fifth trial transcript is available. Per Plaintiff's counsel, the court reporter has not completed transcription of this trial. And although Plaintiff's October 2019 request to inspect the Westchester District Attorney's files is also pending, his counsel has yet to serve the requisite third-party subpoena on that Office.[2] Clearly, "there is no genuine urgency to the discovery they

---

[1] This was due to the filing of an amended complaint in May 2019. (Dckt. Entry 52.) The Eastchester defendants answered the amended complaint. (Dckt. Entry 53.)

[2] The Westchester District Attorney is a separate entity from Westchester County, and only the latter is a party to this action.

seek." *Trs. of The N.Y.C. Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC*, No. 19-cv-07755 (VEC), 2019 U.S. Dist. LEXIS 223677, at *13 (S.D.N.Y. Dec. 19, 2019).

      As a final note, there are no fewer than five party depositions pending, to say nothing of the potential non-party depositions. Taking and defending these depositions will be "costly and burdensome." *Shulman v. Becker & Poliakoff, LLP*, No. 17-cv-9330 (VM)(JLC), 2018 U.S. Dist. LEXIS 175771, at *9 (S.D.N.Y. Oct. 11, 2018); *see also Brooks v. Macy's, Inc.*, No. 10-cv-5304 (BSJ) (HBP), 2010 U.S. Dist. LEXIS 135415, at *6 (S.D.N.Y. Dec. 21, 2010) (staying deposition discovery because it "frequently tends to be more burdensome" than document discovery). If these depositions proceed and the Court ultimately grants the dismissal motions, the parties will have incurred these costs for nothing. *See Ajay Bahl v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst. of Tech.*, No. 14-cv-4020 (AKT), 2018 U.S. Dist. LEXIS 171324, at *5 (E.D.N.Y. Sep. 28, 2018) ("a stay of the proceedings ... will put a temporary halt to fees incurred in connection with this litigation").

      Thank you very much for your consideration.

                                        Respectfully submitted,

                                        /s/ *David H. Chen*
                                        David H. Chen, Esq.
                                        Associate County Attorney
                                        148 Martine Ave., Suite 600
                                        White Plains, NY 10601
                                        (914) 995-3616
                                        dhca@westchestergov.com
                                        *Counsel for Westchester defendants*

cc (via ECF): Hon. Lisa M. Smith, U.S.M.J.