UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SELWYN DAYS,

                                  **Plaintiff,**

-against-

THE EASTCHESTER POLICE DEPARTMENT, THE TOWN OF EASTCHESTER, THE COUNTY OF WESTCHESTER, MARIO ASTARITA, GEORGE BARLETTA, MATTHEW KIERNAN, AND CHRISTOPHER CALABRESE,

                                  **Defendants.**

18-CV-11538 (NSR-LMS)

---

# MEMORANDUM OF LAW IN OPPOSITION TO THE EASTCHESTER DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS

GLENN A. GARBER P.C.
233 Broadway, Suite 2370
New York, NY 10016

RICKNER PLLC
233 Broadway, Suite 2220
New York, NY 10016

LORD & SCHEWEL PLLC
233 Broadway, Suite 2220
New York, NY 10016

On the Brief:

    Robert Rickner, Esq.
    Glenn A. Garber, Esq.
    Abraham Rubert-Schewel, Esq.

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ..................................................................................................................i

**TABLE OF AUTHORITIES** ..........................................................................................................ii

**PRELIMINARY STATEMENT** .....................................................................................................1

**ARGUMENT** ....................................................................................................................................2

    I.    DAYS WAS BARRED FROM BRINGING THESE CLAIMS DURING HIS PROSECUTION. ...........................................................................................................2

    II.   NONE OF DAYS' CLAIMS ACCRUED UNTIL HIS ACQUITTAL. ................................4

        A. Plaintiff's Due Process Claims Accrued at his Acquittal .................................................4

        B. Plaintiff Properly and Timely Alleged Malicious Prosecution .........................................8

        C. Plaintiff's *Manuel* Claim Accrued at his Acquittal ..........................................................9

**CONCLUSION** ................................................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*Andersen v. City of Chicago*, No. 16 C 1963, 2019 WL 6327226 (N.D. Ill. Nov. 26, 2019)........... 6

*Bailey v. City of New York*, 79 F. Supp. 3d 424 (E.D.N.Y. 2015) ..................................................7

*Bornschein v. Herman*, 304 F. Supp. 3d 296 (N.D.N.Y. 2018) ........................................................8

*Chisolm v. City of New York*, No. 17-CV-5327 (MKB), 2018 WL 3336451
   (E.D.N.Y. July 6, 2018) ................................................................................................................6

*Hadid v. City of New York*, 730 F. App'x 68 (2d Cir. 2018) ............................................................6

*Hamilton v. City of New York*, No. 15-CV-4574 (CBA) (SJB), 2019 WL 1452013
   (E.D.N.Y. Mar. 19, 2019) ...........................................................................................................10

Heck v. Humphrey, 512 U.S. 477 (1994) ................................................................................passim

*Hincapie v. City of New York*, No. 18-CV-3432 (PAC), 2020 WL 362705
   (S.D.N.Y. Jan. 22, 2020).............................................................................................................. 4

*Jeanty v. City of Utica*, No. 16-CV-00966 (BKS) (TWD), 2018 WL 2383582
   (N.D.N.Y. May 25, 2018)............................................................................................................ 7

*Jefferson v. Kelly*, No. 06-CV-6616 NGG LB, 2008 WL 1840767 (E.D.N.Y. Apr. 22, 2008)........ 6

*Johnson v. Tudisco*, No. 17-CV-8621 (NSR), 2018 WL 6528490 (S.D.N.Y. Dec. 12, 2018) ......... 7

*Mahany v. City of Buffalo Police Dep't*, 777 F. App'x 547 (2d Cir. 2019)....................................... 6

*Manganiello v. City of New York*, 612 F.3d 149 (2d Cir. 2010) ....................................................... 8

*Manuel v. City of Joliet, Ill.,* 137 S. Ct. 911 (2017)................................................................... 9, 10

*McDonough v. Smith*, 139 S. Ct. 2149 (2019) .......................................................................passim

*Milan v. Wertheimer*, 808 F.3d 961 (2d Cir. 2015) ........................................................................ 5

*People v. Bailey*, 102 A.D.3d 701 (2d Dept 2013) ........................................................................ 7

*Pinaud v. County of Suffolk*, 52 F.3d 1139 (2d Cir. 1995) ..................................................................6

*Powell v. Lab Corp*, No. 19-215, 2019 WL 4892403 (2d Cir. Oct. 4, 2019) ...................................6

*Rosario v. City of New York*, No. 18-CV-4023 (LGS), 2019 WL 4450685

   (S.D.N.Y. Sept. 16, 2019) ................................................................................................................5

*Thomas v. Mason*, No. 17-CV-626 (DJS), 2019 WL 6111572 (N.D.N.Y. Nov. 18, 2019) .............5

*Wallace v. Kato*, 549 U.S. 384 (2007) ....................................................................................2, 3, 9

   **STATUTES**

Federal Rule of Civil Procedure 12(b)(6) .........................................................................................1

Plaintiff Selwyn Days ("Days" or "Plaintiff") hereby submits this Memorandum of Law in Opposition to Defendants the Eastchester Police Department, The Town of Eastchester, Mario Astarita, George Barletta, and Matthew Kiernan's (collectively the "Eastchester Defendants") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).[1]

## PRELIMINARY STATEMENT

The Eastchester Defendants claim that Plaintiff Selwyn Days should have filed suit while he was being wrongfully prosecuted for murder. His statute of limitations, they argue, ran out while he was sitting in a jail cell desperately trying to prove his innocence. This is, of course, an absurd idea, which would overburden both courts and plaintiffs by requiring civil rights cases to be litigated at the same time as ongoing criminal prosecutions.

Unsurprisingly, the Supreme Court ruled squarely that civil rights claims cannot be filed, and thus do not accrue, until the underlying conviction is vacated *and* any prosecution has concluded.[2] In *McDonough v. Smith*, 139 S. Ct. 2149, 2154-55 (2019) ("*McDonough*"), the Supreme Court held that civil rights claims which challenge the integrity of the prosecution, such as Due Process or malicious prosecution actions, accrue at the termination of the criminal proceeding. *McDonough's* holding expands on *Heck v. Humphrey,* 512 U.S. 477 (1994) ("*Heck*"), and clarifies that a statute of limitations does not run during *a prosecution* because there is not "a complete and present cause of action" while "criminal proceedings are ongoing. Only once the criminal proceeding has ended in the defendant's favor, or a resulting conviction

---

[1] The Eastchester Defendants filed an Answer to the Amended Complaint on May 24, 2019, Dkt No. 53. As such, a motion to dismiss under Rule 12(b)(6) is not available, and this motion should have been brought under Rule 12(c) as a motion for judgment on the pleadings.

[2] For many plaintiffs, such as Days and *McDonough*, the overturning of a conviction does not lead to the end of prosecution; it results in a re-trial.

1

has been invalidated within the meaning of *Heck*, will the statute of limitations begin to run." *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 393 (2007)) (citations omitted).

Put simply, Days' claims did not even exist until the indictment was dismissed when he was acquitted after a re-trial on September 12, 2017. Thus, his civil rights claims that challenge the validity of the prosecution did not accrue until that day. He filed this suit on December 11, 2018, well within his three-year statute of limitations. The Eastchester Defendants' arguments to the contrary are based on a misreading of caselaw, or citing to outdated authority that was clearly overturned by the Supreme Court in *McDonough*.

## ARGUMENT

**I.     DAYS WAS BARRED FROM BRINGING THESE CLAIMS DURING HIS PROSECUTION.**

A federal civil rights case cannot be used to collaterally attack a prosecution or criminal conviction. The Supreme Court held that while a criminal case is pending, there cannot be any causes of action under 42 U.S.C. § 1983 that would challenge or in any way invalidate that prosecution. To allow otherwise would force the government to simultaneously defend civil cases in the middle of criminal prosecutions. Thus – no matter what the accrual rule is – Days' claims could not have been brought until after his acquittal.

The Supreme Court, in *Heck*, ruled that § 1983 claims cannot be filed until the criminal conviction has been vacated because "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments" particularly in § 1983 cases as they "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." 512 U.S. 477, 486 (1994). Consequently, the statute of limitations do not run while a plaintiff is imprisoned because there is "no cause of action under § 1983 unless and until the conviction or

2

sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 487.

More recently, in *McDonough*, the Supreme Court expanded this analysis, ruling that even though "Heck had been convicted, while McDonough was acquitted … his claims challenge the validity of the criminal proceedings against him in essentially the same manner as the plaintiff in *Heck* challenged the validity of his conviction." 139 S. Ct. 2149, 2157–58 (2019). The Court explained, "the pragmatic considerations discussed in *Heck* apply generally to civil suits within the domain of habeas corpus, not only to those that challenge convictions." *Id*. Therefore, a statute of limitations does not run during *a prosecution* because there is not "a complete and present cause of action" while "those criminal proceedings are ongoing. Only once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*, will the statute of limitations begin to run." *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 393 (2007)) (citations omitted).

Taken together, the Supreme Court has crafted a clear, easy-to-apply rule: If the § 1983 claims challenge the validity of either a criminal conviction or a criminal prosecution, the claims cannot be filed – and the statute of limitations does not run – until the criminal convictions are vacated or the criminal prosecution terminates.[3] Plaintiff alleges that the Eastchester Defendants' coerce Plaintiff's confession, and lied to prosecutors to hide the unconstitutional

---

[3] *McDonough v. Smith*, 139 S. Ct. 2149, 2157–58 (2019) ("The principles and reasoning of *Heck* thus point toward a corollary result here: There is not "'a complete and present cause of action,' " *Wallace*, 549 U.S. at 388, to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing. Only once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*, *see* 512 U.S. at 486–487, will the statute of limitations begin to run.").

3

conduct that led to the confession. These wrongful actions violated Plaintiff's rights in several ways, and each legal theory challenges the validity of Plaintiff's prosecution. Thus, they were barred by *Heck* and *McDonough* until he was acquitted.

This law is so plainly established, even the City of New York is voluntarily abandoning arguments to the contrary in similar cases. In *Hincapie v. City of New York*, a wrongful conviction case where the plaintiff's confession was coerced, the City of New York argued the statute of limitations had passed. No. 18-CV-3432 (PAC), 2020 WL 362705, at *4 (S.D.N.Y. Jan. 22, 2020). But after *McDonough*, the City realized the frivolousness of its position and voluntarily withdrew the argument. *Id*. This was the correct course of action because, as the court in *Hincapie* noted: "The statute of limitations for a fabricated-evidence claim does not begin to run until the criminal proceedings against the defendant have terminated in his favor." *Id*.

## II. NONE OF DAYS' CLAIMS ACCRUED UNTIL HIS ACQUITTAL.

### A. Plaintiff's Due Process Claims Accrued at his Acquittal

Given that claims challenging the validity of a prosecution or conviction do not even exist while the prosecution is ongoing, the Supreme Court found that those claims do not accrue, and the statute of limitations does not begin to run, until the criminal case is dismissed.

Days' brings claims under the Due Process Clauses in the Fifth and Fourteenth Amendments of the United States Constitution, alleging that the Eastchester Defendants coerced his confession and then knowingly forwarded false statements – lies to make Days' coerced confession appear voluntary and reliable – to prosecutors in violation of Plaintiff's right to a Fair Trial. Am. Compl. ¶¶64-71, ECF No. 52, May 10, 2019 ("Am. Compl."). Because these claims arise under the Due Process Clauses, the statute of limitations on them did not begin to run until the termination of the criminal proceedings. *McDonough*, 139 S. Ct. at 2154–55 ("The statute of

limitations for a fabricated-evidence claim like McDonough's does not begin to run until the criminal proceedings against the defendant (*i.e.,* the § 1983 plaintiff) have terminated in his favor."). For Plaintiff, like *McDonough*, this occurred after acquittal at trial. *Id.* at 2155, 2161 (finding the statute of limitations on plaintiff's "Due Process" claim began to run "when he was acquitted at the end of his second trial").

Since *McDonough* was decided, courts in the Second Circuit have applied it's standard to due process and fair trial claims like Plaintiff's:

> Defendants' arguments that the denial of fair trial claims are time barred and collaterally estopped are rejected. Regarding the statute of limitations, the Supreme Court recently decided in *McDonough v. Smith*, 139 S. Ct. 2149, 2154-55 (2019), that fabrication of evidence claims under § 1983, like false identification claims, arise not when the evidence is used against a defendant, but when the criminal proceedings have terminated in the defendant's favor. *McDonough*'s outcome coheres with the principle in *Heck v. Humphrey,* 512 U.S. 477 (1994), that "collateral attacks on criminal judgments through civil litigation" are not permitted. *McDonough*, 139 S. Ct. at 2157 (*citing Heck*, 512 U.S. at 484).
>
> Therefore, civil claims "challeng[ing] the integrity of criminal prosecutions undertaken pursuant to legal process" generally do not accrue until termination of the criminal prosecution. *See McDonough*, 139 S. Ct. at 2156-57.

*Rosario v. City of New York*, No. 18-cv-4023 (LGS), 2019 WL 4450685, at *5–6 (S.D.N.Y. Sept. 16, 2019); *see also Thomas v. Mason*, No. 17-CV-626 (DJS), 2019 WL 6111572, at *3 (N.D.N.Y. Nov. 18, 2019) ("Under *McDonough* the Court concludes that Plaintiff's fabricated-evidence claim accrued upon his ultimate acquittal, not the reversal of his initial conviction.").

The Eastchester Defendants' arguments to the contrary rely on cases decided before *McDonough*, and cases that are easily distinguished. *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015), was brought by a *pro-se* plaintiff against ACS for removing her children and placing them with the grandmother. Notably, this case does not involve allegations of any *prosecution* and was decided pre-*McDonough*. This is significant, because as explained in *Heck* and

*McDonough*, a civil action may not be brought while a conviction stands or during a pending prosecution; this analysis obviously would not apply to a claim against ACS for removal of children from the home. Similarly, *Mahany v. City of Buffalo Police Dep't*, 777 F. App'x 547, 549 (2d Cir. 2019), is summary order in a *pro-se* action, with limited precedential effect, and did not involve a criminal prosecution of the plaintiff – so *Heck* and it's expansion in *McDonough* would not apply.

*Jefferson v. Kelly*, No. 06-CV-6616 NGG LB, 2008 WL 1840767, at *3 (E.D.N.Y. Apr. 22, 2008) and *Chisolm v. City of New York*, No. 17-CV-5327 (MKB), 2018 WL 3336451, at *4 (E.D.N.Y. July 6, 2018), are both unpublished district court decisions, in cases brought by *pro-se* plaintiffs, which were decided before, and thus overturned by, the Supreme Court in *McDonough*. *Pinaud v. County of Suffolk*, 52 F.3d 1139 (2d Cir. 1995), was also overturned by *McDonough*. Similarly, the Seventh Circuit's accrual rule in *Johnson v. Winstead*, 900 F.3d 428, 437 (7th Cir. 2018), was overturned by *McDonough*, which has been noted by lower courts interpreting the decision. *Andersen v. City of Chicago*, No. 16 C 1963, 2019 WL 6327226, at *6 (N.D. Ill. Nov. 26, 2019) (applying *McDonough* and noting in a footnote that *Winstead* no longer applies).

*Powell v. Lab Corp*, No. 19-215, 2019 WL 4892403 (2d Cir. Oct. 4, 2019), is a summary order with limited precedential effect, and was brought by a *pro-se* plaintiff attempting to expand the usual 3-year statute of limitations to 5 years by alleging a conspiracy claim (a rule it appears the *pro-se* plaintiff simply made up).

*Hadid v. City of New York*, 730 F. App'x 68, 71 (2d Cir. 2018), is an abuse of process case and the Second Circuit held that *Heck* did not apply because this particular tort did not

6

impugn the plaintiff's perjury conviction. Days does not allege abuse of process here, so this case is inapposite.

And finally, the Eastchester Defendants misread *Bailey v. City of New York*, 79 F. Supp. 3d 424, 455 (E.D.N.Y. 2015). The court did rule that the claims accrued when the conviction was overturned, but the Second Department also, in the same decision, dismissed the indictment and ordered the lower court to seal the record. *People v. Bailey*, 102 A.D.3d 701, 701 (2d Dept 2013). Instead of a retrial, the conviction was overturned and the criminal case was dismissed at the same time, unlike in *McDonough* and in Days' prosecution. *Jeanty v. City of Utica*, No. 16-CV-00966 (BKS) (TWD), 2018 WL 2383582, at *5 (N.D.N.Y. May 25, 2018), also misses this crucial distinction in *Bailey*. And in any event, in *McDonough* the Supreme Court ruled that claims accrue when the indictment is dismissed after retrial, as here, not when the conviction is overturned on appeal, so to the extent these cases hold otherwise they have been overruled. 139 S. Ct. at 2154–55.

In addition, the Eastchester Defendants argue that Days' claim that they forwarded false information to prosecutors is "just a legal conclusion disguised as a factual allegation and the Court should not accept this." Def's MTD at 7-8. Not so. The prosecution was not present for the interrogation; all information the prosecution received regarding the interrogation and coerced confession came from the officers. Am. Compl. ¶¶72-88. This is not a legal conclusion; it is what actually happened, and there is no read of the record in criminal case that can suggest otherwise. The one case the Eastchester Defendants cite in support of their argument involves a *pro-se* plaintiff whose claims were barred by *Heck* and has no apparent relevance to the case at bar. *See Johnson v. Tudisco*, No. 17-CV-8621 (NSR), 2018 WL 6528490, at *3 (S.D.N.Y. Dec. 12, 2018).

Plaintiff was acquitted after a retrial on September 12, 2017. Thus, his due process claims, filed on December 11, 2018, were brought well within the three-year statute of limitations. And, none of the arguments advanced to the contrary can counter this reality.

### B. Plaintiff Properly and Timely Alleged Malicious Prosecution

The Eastchester Defendants do not appear to argue with the well-established law that malicious prosecution claims do not accrue until a favorable termination, like an acquittal. Instead, they argue that this is actually a false arrest claim. But the Eastchester Defendants cannot alter the law of accrual simply by relabeling Days' well-pled claim. Plaintiff properly alleges, under Second Circuit law, each element of malicious prosecution: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citation omitted); Am. Compl. ¶¶160-173.

Defendants cite precedent from the Seventh Circuit for the proposition that police conduct prior to an arrest cannot alone fulfill the requirements for a malicious prosecution claim. This, of course, is not the standard in the Second Circuit where the initiation of prosecution prong is often satisfied through pre-arrest conduct. *See, e.g., Manganiello* 612 F.3d at 163 ("A jury may permissibly find that a defendant initiated a prosecution where he fil[ed] the charges or prepar[ed an] alleged false confession and forward[ed] it to prosecutors."). Providing information "known to be false qualifies as the commencement of a prosecution." *Bornschein v. Herman*, 304 F. Supp. 3d 296, 302 (N.D.N.Y. 2018) (collecting cases). The Eastchester Defendants, thus, are liable for everything they set in motion. The Amended Complaint cannot be read to only allege a simple false arrest claim.

### C. Plaintiff's *Manuel* Claim Accrued at his Acquittal

In *Manuel v. City of Joliet, Ill.*, the Supreme Court ruled conclusively that plaintiffs may bring claims under the Fourth Amendment for "(post-legal-process [i.e. post-grand jury]) pretrial detention." 137 S. Ct. 911, 918–19 (2017). Because pre-trial detention without probable cause is most analogous to a tort of malicious prosecution, a *Manuel* claim accrues at termination of the legal proceedings.

> As explained by the Supreme Court:
>
> Relying on this Court's caselaw, Manuel analogizes his claim to the common-law tort of malicious prosecution. See Reply Brief 9; *Wallace,* 549 U.S., at 389–390, 127 S.Ct. 1091. An element of [malicious prosecution] is the "termination of the ... proceeding in favor of the accused"; and accordingly, the statute of limitations does not start to run until that termination takes place. *Heck,* 512 U.S., at 484, 489. Manuel argues that following the same rule in suits like his will avoid "conflicting resolutions" in § 1983 litigation and criminal proceedings by "preclud[ing] the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution." *Id.,* at 484, 486, 114 S.Ct. 2364; see Reply Brief 10–11; Brief for United States as *Amicus Curiae* 24–25, n. 16. In support of Manuel's position, all but two of the ten Courts of Appeals that have recognized a Fourth Amendment claim like his have incorporated a "favorable termination" element and so pegged the statute of limitations to the dismissal of the criminal case. See n. 4, *supra*. That means in the great majority of Circuits, Manuel's claim would be timely.

*Manuel v. City of Joliet, Ill.,* 137 S. Ct. 911, 921 (2017) ("*Manuel*").

The Second Circuit, of course, is one of the Courts of Appeal that requires termination of a criminal proceeding before a malicious prosecution claim may be brought. *See Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). Because malicious prosecution is the most analogous tort to a pre-trial detention claim, its accrual begins when a criminal action is conclusively terminated. *McDonough v. Smith,* 139 S. Ct. 2149, 2156 (2019) ("[T]his Court often decides accrual questions by referring to the common-law principles governing analogous torts.").

The Eastchester Defendants ignore this well-settled law and instead argue that the grand jury presumption bars Days' *Manuel* claims and that *Heck* is somehow inapplicable. Both fail. Under *Manuel*, the Supreme Court ruled that a grand jury indictment is irrelevant if probable cause was based on fabrications: "[I]f the proceeding is tainted—as here, by fabricated evidence—and the result is that probable cause is lacking, then the ensuing pretrial detention violates the confined person's Fourth Amendment rights." 137 S. Ct. at 920 n8. Here, the coerced confession, a type of fabrication, was presented to the grand jury, and thus the grand jury indictment is no defense to Days' claims. Am. Compl. ¶164.

The Eastchester Defendants' second argument is based on a misreading of *Hamilton v. City of New York*, which reiterates the well-known rule that a pure false arrest claim, that only covers the time between arrest and arraignment, does not impugn a conviction. No. 15-CV-4574 (CBA) (SJB), 2019 WL 1452013, at *15 (E.D.N.Y. Mar. 19, 2019). But, distinguishing the Second Circuit's *McDonough* ruling that had not yet been overturned by the Supreme Court, the *Hamilton* court went on to rule that the claim that "fabricated and coerced testimony was used to deprive Hamilton of his liberty when he was arrested and subsequently convicted" were barred by *Heck* and thus did not accrue when he first learned his constitutional rights were being violated; they accrued when the criminal case was dismissed. *Id*. Thus, this case entirely supports Days' position here which became stronger after the Supreme Court reversed the Second Circuit in *McDonough*.

## CONCLUSION

The Eastchester Defendants' Motion to Dismiss should be denied in its entirety.

Dated:  New York, New York
        March 11, 2020

Rickner PLLC

By:        /s/

   Rob Rickner

233 Broadway Suite 2220
New York, New York 10279
Phone: (212) 300-6506
Fax: (888) 390-5401

&

Glenn A. Garber
GLENN A. GARBER, P.C.
233 Broadway Suite 2370
New York, New York 10279
Phone: (212) 965-9370
Fax: (212) 965-9375

&

Abraham Rubert-Schewel
LORD & SCHEWEL PLLC
233 Broadway Suite 2220
New York, New York 10270
Phone: (212) 965-9370
Fax: (212) 965-9375

*Attorneys for Plaintiff*