**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SELWYN DAYS,

               Plaintiff,

               v.

THE EASTCHESTER POLICE
DEPARTMENT, THE WESTCHESTER
COUNTY POLICE DEPARTMENT, THE
COUNTY OF WESTCHESTER, MARIO
ASTARITA, GEORGE BARLETTA,
MATTHEW KIERNAN, and
CHRISTOPHER CALABRESE,

               Defendants.

18 Civ. 11538 (NSR)(AEK)

ECF Case

## PRIVACY ACT ORDER AND PROTECTIVE ORDER REGARDING PLAINTIFF'S REQUEST TO FEDERAL BUREAU OF INVESTIGATION

WHEREAS, Plaintiff Selwyn Days ("Plaintiff") brought the above-captioned action against the Eastchester Police Department, the Westchester County Police Department, the County of Westchester, Mario Astarita, George Barletta, Matthew Kiernan, and Christopher Calabrese (collectively, "Defendants");

WHEREAS, on August 4, 2020, Plaintiff served a request and subpoenas on the United States Attorney's Office for the Southern District of New York and the Federal Bureau of Investigation ("FBI") seeking documents and testimony from the FBI in connection with the underlying criminal investigation and prosecution of Plaintiff ("the Request");

WHEREAS, Plaintiff's Request is governed by certain Department of Justice ("DOJ") regulations ("*Touhy* regulations") which, inter alia, prohibit any DOJ employee from disclosing the requested information "without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part." 28 C.F.R. § 16.22(a); *see also Touhy v. Ragen*, 340 U.S. 462 (1951); 28 C.F.R. § 16.21 *et seq.*;

WHEREAS, certain records Plaintiff seeks in connection with the Request may contain information which may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act");

WHEREAS, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act, and assuring the confidentiality of information that may be disclosed by DOJ or components thereof (the "Government") in response to the Request.  The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, HEREBY ORDERS:

1.      Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the Government to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure.  To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information.  Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.  The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2.      As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain any confidential, proprietary, personal, or similar information, including but not limited to privileged law enforcement information and information protected from disclosure by the Privacy Act.

3.      Information that the Government deems Protected Information shall be designated as such by stamping the phrase "Confidential - Subject to Protective Order" on any document or record containing Protected Information prior to the production of such document or record.

4.      Any party who contests the designation of a document or record as Protected Information shall provide the Government written notice of its challenge.  If the parties cannot resolve this dispute, they shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the individual practices of the Court, and/or any court orders for addressing discovery disputes.  Failure to challenge a designation immediately shall not waive a party's ability to bring a later challenge.

5.      Except as provided in this Order, all Protected Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

6.      Any document or record designated as Protected Information by the Government may be disclosed only to the following Qualified Persons:

i.      Plaintiff, attorneys for Plaintiff, and any support staff or other employees of Plaintiff or attorneys of record of Plaintiff who are assisting in the maintenance of this action;

ii.      Defendants, attorneys for Defendants, and any support staff or other employees of Defendants or attorneys of record of Defendants who are assisting in the maintenance of this action;

iii.      Witnesses who are deposed in this action, to the extent the witnesses' testimony may relate to documents designated as Protected Information;

iv.      Experts or consultants retained for this action by counsel to a party to this

3

action, and any support staff or other employees for such experts or consultants who are assisting in

the expert's work for this action;

        v.      Court reporters or stenographers engaged to record deposition testimony,

and their employees who are assisting in the preparation of transcripts of such deposition

testimony;

        vi.     The Court and Court personnel; and

        vii.    Such other persons as hereafter may be authorized by the Court upon

motion of any party.

7.     A copy of this Order shall be delivered to each Qualified Person to whom a

disclosure of Protected Information is made, at or before the time of disclosure, by the party

making the disclosure or by its counsel.  The provisions of this Order shall be binding upon each

such person to whom disclosure is made.

8.     All Qualified Persons, including the parties and their respective counsel, to whom

Protected Information is disclosed, are hereby prohibited from disclosing information designated

as Protected Information to any unauthorized person, except as provided in this Order.

9.     Any deposition questions intended to elicit testimony regarding Protected

Information shall be conducted only in the presence of persons authorized to review the

Protected Information.  Any portions of deposition transcripts containing such questions and

testimony shall be automatically subject to the same protections and precautions as the Protected

Information.

10.    If any party seeks to publicly file with the Court any Protected Information, or

portions of pleadings, motions, or other papers that disclose such Protected Information, the

Protected Information shall be filed under seal in accordance with the Court's local rules governing the filing of sealed documents and thereby be protected from public disclosure.

11.     Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate, or employee of the Court for purposes of this action.

12.     Nothing in this Order shall prejudice or alter the right of a party to properly offer and introduce Protected Information as evidence at trial, to use or refer to Protected Information in open court, or in written submissions to the Court, or on appeal.  The Parties shall confer with the Government in good faith to determine a method to be used during trial or other proceedings in open court for preventing the disclosure of Protected Information to persons who are not Qualified Persons identified in paragraph 6.

13.     If counsel for any party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary.  There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order.  If Protected Information produced under this Order is required by law or court order to be disclosed to a person or entity not identified herein as a Qualified Person, the person or entity receiving the Protected Information shall, before receiving the Protected Information, be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgement form.

A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for the producing party.

14.     Within thirty days after the final disposition of this action, including any and all appeals, all Protected Information and copies thereof in the possession of any Qualified Persons, other than counsel for the parties, shall be returned to the Government or destroyed.  If the Protected Information is destroyed, the party that has destroyed the Protected Information shall certify in writing to the Government that the Protected Information in its possession has been destroyed.

15.     If the Government inadvertently fails to designate material as Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Protected Information.  The Government may correct its failure to designate an item as Protected Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations.  Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials, and certify in writing to the producing party that such materials have been returned or destroyed.

16.     This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

17.     Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party or the Government, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

18.     Nothing in this Order shall affect the right of the Government to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

19.     Nothing in this Order shall prevent the disclosure of Protected Information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

20.     Nothing in this Order shall prevent any disclosure of Protected Information by the party or entity that designated the information as such.


SO STIPULATED AND AGREED TO BY:

Dated: January 5, 2021
　　　　New York, New York

By: _____
　　　　Glenn A. Garber
GLENN A. GARBER, P.C.
The Woolworth Building
233 Broadway, Suite 2370
New York, New York 10279
(212) 965-9370

By: _____
　　　　Rob Rickner
RICKNER PLLC
14 Wall Street, Suiter 1603
New York, New York 10005
(212) 300-6506

Dated: January 7, 2021
      New York, New York

      AUDREY STRAUSS
      Acting United States Attorney for the
      Southern District of New York

By: _____
      DANIELLE J. LEVINE
      Assistant United States Attorney
      86 Chambers Street, 3rd Floor
      New York, New York  10007
      Tel.:  (212) 637-2689
      E-mail:  danielle.levine@usdoj.gov

SO ORDERED:

_____
HON. ANDREW E. KRAUSE
United States Magistrate Judge


Dated: January 8, 2021
      White Plains, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SELWYN DAYS,<br><br>                    Plaintiff,<br><br>                         v.<br><br>THE EASTCHESTER POLICE DEPARTMENT, THE WESTCHESTER COUNTY POLICE DEPARTMENT, THE COUNTY OF WESTCHESTER, MARIO ASTARITA, GEORGE BARLETTA, MATTHEW KIERNAN, and CHRISTOPHER CALABRESE,<br><br>                    Defendants. | 18 Civ. 11538 (NSR) (AEK) |

## <u>ACKNOWLEDGEMENT</u>

I have read and I understand the Privacy Act Order and Protective Order entered by the

Court in the case *Days v. Eastchester Police Department, et al.*, No. 18 Civ. 11538 (NSR)(AEK),

and I agree to be bound by its terms.


Date: _____


Name (printed): _____


Signature: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SELWYN DAYS,

                Plaintiff,

                v.

THE EASTCHESTER POLICE DEPARTMENT, THE
WESTCHESTER COUNTY POLICE DEPARTMENT,
THE COUNTY OF WESTCHESTER, MARIO
ASTARITA, GEORGE BARLETTA, MATTHEW
KIERNAN, and CHRISTOPHER CALABRESE,

                Defendants.

18 Civ. 11538 (NSR) (AEK)

**ACKNOWLEDGEMENT**

I have read and I understand the Privacy Act Order and Protective Order entered by the

Court in the case *Days v. Eastchester Police Department, et al.*, No. 18 Civ. 11538 (NSR)(AEK),

and I agree to be bound by its terms.

Date: _____1/5/2021_____

Name (printed): _____A. JOSEPH GIANNINI_____

Signature: _____

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SELWYN DAYS,

                Plaintiff,

                v.

THE EASTCHESTER POLICE DEPARTMENT, THE
WESTCHESTER COUNTY POLICE DEPARTMENT,
THE COUNTY OF WESTCHESTER, MARIO
ASTARITA, GEORGE BARLETTA, MATTHEW
KIERNAN, and CHRISTOPHER CALABRESE,

                Defendants.

18 Civ. 11538 (NSR) (AEK)

## ACKNOWLEDGEMENT

      I have read and I understand the Privacy Act Order and Protective Order entered by the

Court in the case *Days v. Eastchester Police Department, et al.*, No. 18 Civ. 11538 (NSR)(AEK),

and I agree to be bound by its terms.

Date:           1/5/21

Name (printed):     David H. Chen

Signature:        [signature]

               Attorney for Defendant Westchester County

9