UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Days,

                            Plaintiff,                    **ORDER**

        -against-                         18 Civ. 11538 (NSR) (AEK)

Eastchester Police Department et al.,

                         Defendants.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

This order addresses the various outstanding discovery and other miscellaneous items that have been raised by the parties since the last status conference in this matter on June 3, 2021. *See* ECF Nos. 177-181. The Court assumes the parties' familiarity with the factual and procedural history underlying these disputes and will not recite that background information here unless necessary to provide context for the Court's rulings.

1. **Deposition of Robert Adamo**

By letter motion dated October 30, 2020, the Westchester Defendants moved to quash deposition subpoenas served upon four current or former Westchester County employees who had testified at one or more of Plaintiff's five criminal trials. *See* ECF No. 134. One of the witnesses whose potential testimony was the subject of that motion was Robert Adamo, a now-retired Westchester County employee who testified at all five trials. *Id.* at 2. At a hearing on November 18, 2020, the Court denied the motion to quash and allowed the depositions of these individuals to proceed in this case. The Court rejected the argument that the potential testimony was not relevant to any party's claim or defense and/or not proportional to the needs of the case as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. In addition, the Court relied

heavily in its ruling on a potential evidentiary conundrum—namely that if Mr. Adamo were to be unavailable to testify at trial, the Eastchester Defendants potentially could raise an objection to the admissibility of any of Mr. Adamo's prior testimony because the Eastchester Defendants did not have "an opportunity and similar motive to develop [the former testimony] by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(B). As part of the Westchester Defendants' motion to quash, counsel proposed, in the alternative, that the Court order the depositions be conducted by written question pursuant to Rule 31 of the Federal Rules of Civil Procedure. ECF No. 134 at 4. The Court declined to mandate that the depositions be by written questions, but there was nothing to prevent the parties from proceeding in that way. *See* Fed. R. Civ. P. 31(a)(1).

At a status conference on April 8, 2021, Plaintiff's counsel reported that he had decided to use requests for admission ("RFAs"), pursuant to Rule 36 of the Federal Rules of Civil Procedure, in lieu of a deposition of Mr. Adamo. The Court raised questions about this method for pursuing Mr. Adamo's testimony, but, at the parties' request, set a schedule for the service of the RFAs and for a response from counsel for the Westchester Defendants. Plaintiff's counsel first alerted the Court to a potential problem with the RFA procedure in a letter dated April 22, 2021, *see* ECF No. 160, but did not at that point suggest abandoning the RFA approach in favor of either a traditional deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure or a deposition by written questions in accordance with Rule 31. This issue was subsequently addressed at the May 13, 2021 status conference, shortly before the defendants provided their responses to the 94 RFAs propounded by Plaintiff, *see* ECF No. 172 at 2, and then again at the June 3, 2021 status conference.

As noted above, one of the key points addressed in the original arguments about the motion to quash the deposition subpoena on Mr. Adamo and the other current and former Westchester County employees was the potential limitations on using Mr. Adamo's prior testimony against the Eastchester Defendants should Mr. Adamo not be available to testify at trial. Yet despite this well-understood evidentiary obstacle, Plaintiff nevertheless chose to pursue testimony from Mr. Adamo not by taking his deposition via either of the mechanisms provided for in the Federal Rules of Civil Procedure, but instead by serving RFAs on a non-party witness and on a party with no ability (let alone obligation) to make admissions on behalf of that witness. In short, having successfully litigated to be able to take the deposition of Mr. Adamo, Plaintiff's counsel then effectively relinquished that victory by pursuing an alternative means of posing questions to the witness that failed to address the evidentiary issue that Plaintiff was attempting to avoid.

There was ample time for the parties to have conducted the deposition of Mr. Adamo in this matter. The motion to quash the deposition subpoena was denied in November 2020, and the parties requested and received multiple extensions of discovery deadlines, through the middle of May 2021, to enable them to complete the large number of depositions that were deemed necessary for this proceeding. *See, e.g.*, ECF Nos. 146, 148, 157, 162. The Court will not permit a further extension of the fact discovery schedule to go back to square one to have the deposition of Mr. Adamo conducted the way it could have been conducted in the first place. Allowing such a deposition, after the non-party witness already participated in the lengthy process of responding to 94 RFAs that were purportedly propounded to obviate the need for a deposition, would present an undue burden for Mr. Adamo. Of course, Plaintiff may subpoena Mr. Adamo to testify as a witness at trial; in the event Mr. Adamo is unavailable at that time within the meaning of the

Federal Rules of Civil Procedure and the Federal Rules of Evidence, the parties will have to litigate via pretrial motions the extent to which Mr. Adamo's prior testimony and/or responses to the RFAs can be used at trial. Plaintiff's request to extend discovery to allow a deposition of Mr. Adamo is DENIED.

    2.    **Eastchester Defendants' "Request for Guidance" Regarding Potential Disqualification of Plaintiff's Counsel**

The issue of the missing audio recording of a phone call from Plaintiff to his mother, made from the Mount Vernon Police Department on or about February 15-16, 2001, has become a significant point of contention in this litigation. The parties have addressed the audio tape in various letters to the Court, *see* ECF Nos. 166, 168, 170, 172, 179, 180; the issue was discussed during the June 3, 2021 status conference; and the whereabouts of the tape have been the subject of multiple depositions. The Eastchester Defendants believe that the tape contains "an inculpatory admission by the Plaintiff contradicting the allegations concerning his 'false confession.'" ECF No. 166 at 2. Plaintiff "contends and contended throughout the criminal trials that the tape contains an exculpation, not an admission." ECF No. 168 at 1. There is no dispute that the tape was not introduced as evidence by either side during any of Plaintiff's five criminal trials, and the tape has not been produced in discovery in this case. There has been deposition testimony that the original tape was lost while in the possession of the Westchester County District Attorney's Office. *See* ECF No. 180-1 (Prisco Dep. Tr.) at 57-58, 146. There also has been deposition testimony that a copy of the audio tape was believed to have been provided by the District Attorney's Office to Plaintiff's former criminal defense attorney, Christopher Chan, *see* ECF No. 180-1 at 122, and testimony from Mr. Chan that in 2009 he provided a copy of the audio recording to Glenn Garber, *see* ECF No. 179 at 8 (pgs. 14-15 of Chan Dep. Tr.). In 2009, Mr. Garber was representing Mr. Days in his ongoing criminal

4

proceedings; Mr. Garber is now one of the attorneys representing Plaintiff in this matter. Mr. Garber "squarely denies ever having or hearing the tape," ECF No. 180 at 5, and Plaintiff offers various arguments as to why Mr. Chan's testimony should not be credited, *see id.* at 3-5.

In a letter filed on June 18, 2021, counsel for the Eastchester Defendants provided the Court with a copy of Mr. Chan's deposition transcript, described in part the state of the factual record regarding the audio tape, and concluded the letter as follows: "Given these conflicting positions, the defendants request the Court's guidance as to how to proceed, including whether they should move to disqualify plaintiff's attorney; whether the pending settlement conference should still go forward; and the effect, if any, on completion of the outstanding discovery in this case." ECF No. 179 at 2.

There is no motion currently pending before the Court, and the Court declines to offer any view as to whether or how the parties should further litigate the issue of the missing audio tape. The settlement conference scheduled for Wednesday, July 14, 2021 at 2:30 p.m. will proceed as planned. If the case is not resolved as a result of the settlement conference, the Court will schedule a status conference to discuss the remaining discovery issues and any non-dispositive motions that the parties may wish to file.

### 3. Further Discovery By Plaintiff from Westchester County District Attorney's Office

Finally, Plaintiff's request for permission to serve two third-party subpoenas on the Westchester County District Attorney's Office after the deadline for completion of fact discovery in order to pursue additional discovery regarding the missing audio tape is DENIED. *See* ECF No.168. Plaintiff served the subpoenas on the District Attorney's Office on May 19, 2021, after the deadline for completion of fact discovery in this case had passed, and without seeking specific leave from the Court. While the Court ultimately did allow for an agreed-upon

5

extension of the discovery deadline for the limited purpose of conducting the deposition of Mr. Chan, the non-party subpoenas on the District Attorney's Office present a different question because of the history of discovery from that Office in this matter.

Specifically, the issue of non-party discovery from the Westchester County District Attorney's Office was litigated in *October 2019*, and resolved with an order from Judge Smith that "[i]nspection of the Westchester District Attorney files must be completed no later than 1/31/20." *See* Minute Entry, Oct. 21, 2019. Plaintiff had an equal opportunity to participate in that discovery process in late 2019 and early 2020, and Plaintiff has not provided a sufficient basis to require the non-party District Attorney's Office to engage in another round of discovery in this case just because Plaintiff's counsel elected not explore these issues during the prior period of discovery involving that Office. At present, the discovery record in this case and from prior criminal proceedings appears to indicate that the Westchester County District Attorney's Office is no longer in possession of the audio tape, and to require the District Attorney's Office to undertake a comprehensive search at this stage, particularly when all parties had the opportunity to inspect the District Attorney's records years ago, is unduly burdensome and therefore unwarranted.

Dated: July 13, 2021
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge