**MEMO ENDORSED**



George Latimer
County Executive

Office of the County Attorney

John M. Nonna
County Attorney

September 17, 2021

Hon. Nelson S. Román
U.S. District Judge
Brieant Federal Courthouse
300 Quarropas Street
White Plains, New York 10601-4150



9/18/2021

The parties' request for an adjournment of the telephonic Status Conf. from Sept. 21, 2021 until Dec. 15, 2021 at 10:00 am is GRANTED. Dial-in instructions are contained in the Memo Endorsement dated, July 7, 2021 (ECF No. 184). The Westchester Defts' request for a pre-motion conf. or briefing schedule is denied without prejudice to moving before Judge Krause. Clerk of Court requested to terminate the motion (ECF. No. 190).   Dated: Sept. 18, 2021

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

      Re:    *Selwyn Days v. Eastchester Police Department, et al.*, 18-cv-11538 (NSR)(AEK)

Dear Judge Román:

      The County of Westchester and Christopher Calabrese (the "Westchester Defendants") write to respectfully request (1) on behalf of all parties, an adjournment of the status conference currently scheduled for September 21, 2021, at 10:00 a.m.; and (2) pursuant to section 3(A)(ii) of Your Honor's Individual Rules, a pre-motion conference, or, in the alternative, a briefing schedule, regarding the Westchester Defendants' anticipated motion to amend their Answer to assert crossclaims against the Town of Eastchester ("Eastchester") for defense and indemnification.

    **I.**    **Request to Adjourn the September 21 Status Conference**

      The parties jointly request an adjournment of the status conference scheduled for September 21 at 10:00 a.m. On September 13, the parties convened for a video settlement conference before Magistrate Judge Krause. Although no settlement was reached, negotiations are ongoing. Pursuant to Magistrate Judge Krause's order, Plaintiff will provide an update to the Court on September 21, and the next settlement conference will be held on October 6. *See* Minute Entry dated Sept. 13, 2021. The parties therefore respectfully request that the September 21 conference be adjourned to a date after October 6 that is convenient for the Court.

    **II.**    **Request for Pre-Motion Conference Regarding the Westchester Defendants' Motion to Amend Their Answer to Assert Crossclaims against Eastchester**

      Separately, the Westchester Defendants respectfully request a pre-motion conference, or in the alternative, a briefing schedule, regarding their anticipated motion to amend their Answer to assert crossclaims against Eastchester for defense and indemnification, consistent with Eastchester's statutory and contractual obligations, as set forth below.

1

### A. Relevant Background

This case arises out of Plaintiff's allegations that in February 2001, he falsely confessed to committing a 1996 double murder in the Town of Eastchester. According to Plaintiff, the individually-named defendants from the Eastchester Police Department coerced this confession.

Christopher Calabrese of the Westchester Department of Public Safety is the only individually-named Westchester defendant. It is undisputed that, at Eastchester's request, he assisted in the murder investigation. But Calabrese is not alleged to have participated in the coercion; rather, Plaintiff's theory of liability as to Calabrese is that he failed to intervene in the Eastchester officers' coercion.

The only claims asserted against the County of Westchester are state law *respondeat superior* claims derivative of the claims against Calabrese. Plaintiff's Fifth Amendment spoliation claim and Section 1983 *Monell* claim (the fifth and sixth causes of action, respectively) are only asserted against Eastchester.

The Westchester Defendants filed their Answer on November 9, 2020, and deny any and all allegations of wrongdoing. ECF No. 138. Discovery has been stayed since May 2021 for a series of formal settlement conferences with Magistrate Judge Krause.

### B. Westchester's Demand for Defense and Indemnification & Eastchester's Denial

On August 23, 2021, pursuant to N.Y. General Municipal Law § 209-m and a mutual aid agreement between Westchester and Eastchester (hereafter, "the Agreement"), the County demanded defense and indemnification for this litigation, stemming from the County's provision of mutual aid services to Eastchester for the underlying murder investigation. The Agreement, dated September 1995 and carrying a 10-year term, was in effect at all relevant times. It obligates Eastchester to "provide defense for and defend, at its sole expense, any and all claims, demands or causes of action directly or indirectly resulting from the rendering of aid by the County." The Agreement also requires that Eastchester "reimburse the County . . . for all liability for damages arising out of acts performed by the Assisting Municipality [i.e., the County] in rendering aid." The County sent a supplemental letter on September 7, reminding Eastchester of its obligations and requesting a response.

By two separate letters, each dated September 8, 2021, Eastchester denied the County's defense and indemnification demand. Among other asserted reasons for the denial, Eastchester noted that the County had not alleged any crossclaims against Eastchester in the instant litigation.

### C. Westchester Defendants' Request to Amend Their Answer to Add Crossclaims

The Westchester Defendants now respectfully request permission to amend their Answer in order to formally assert crossclaims against Eastchester for defense and indemnification for all claims asserted against the Westchester Defendants in the instant litigation, pursuant to Federal Rules of Civil Procedure 13(g) and 15(a)(2).

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that "a party may amend its pleading" by obtaining leave of court, and "[t]he court should freely give leave when justice so requires." The Supreme Court has explained that if the "underlying facts or circumstances" cited by the movant "may be a proper subject of relief, [the movant] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Williams v. Citigroup Inc.*, 659 F.3d 208, 213-214 (2d Cir. 2011) (quoting *Foman*).

Accordingly, a court should allow a party to amend its pleading in the absence of "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party . . . [or] futility of amendment." *Foman*, 371 U.S. at 182; *Williams*, 659 F.3d at 213-214. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Laurent v. PricewaterhouseCoopers LLP*, No. 06-CV-2280 (JPO)(KNF), 2012 U.S. Dist. LEXIS 118109, at *10-11 (S.D.N.Y. Aug. 15, 2012) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). Thus, "a motion to amend . . . may be made at any stage of the litigation." *Id*. at *11.

Here, the crossclaims are meritorious, consistent with the state statute and the Agreement that Eastchester signed. Amendment will not be futile. Nor will Eastchester be unduly prejudiced by the assertion of the crossclaims. The indemnification claim will not ripen unless and until the Westchester Defendants incur liability. And as it concerns the crossclaim for defense, the Westchester County Attorney's Office has defended this case vigorously to date, and Eastchester has been a party to this case—and privy to all discovery—during the pendency of this action.

Amendment will also not significantly delay the final disposition of the action. Resolution of the crossclaims, which are contractual and statutory in nature, will not necessitate any further fact discovery from the parties. Summary judgment motion practice has not yet taken place, and to the extent that any trial is necessary, it will likely not commence for some time. Finally, there is good cause to allow the amendment, as the County's alternative remedy is to file a separate action in state court against Eastchester for breach of contract and/or indemnification. Amendment at this stage will permit all claims to be resolved efficiently, as part of the same action. Accordingly, the Westchester Defendants respectfully request that the Court schedule a pre-motion conference, or alternatively set a briefing schedule, regarding their proposed motion to amend.

We thank the Court for its consideration of these requests.

Respectfully submitted,

*Shawna C. MacLeod*
Shawna C. MacLeod
Senior Assistant County Attorney
148 Martine Avenue, Suite 600
White Plains, New York 10601
scma@westchestergov.com
(914) 995-4194

cc: All counsel of record (via ECF)