# CERUSSI & SPRING

**A PROFESSIONAL CORPORATION**
**ATTORNEYS**
ONE NORTH BROADWAY
WHITE PLAINS, NEW YORK 10601

———

| TELEPHONE | (914) 948-1200 |
| FACSIMILE | (914) 948-1579 |

MICHAEL A. CERUSSI, JR. (1949-2011)
ARTHUR J. SPRING (1923-2001)

March 15, 2022

Hon. Andrew E. Krause, U.S.M.J.
United States District Court for the
Southern District of New York
300 Quarropas Street
White Plains, New York  10601

Re:     Days, S. v. The Eastchester Police Department, et al
        Docket No.:  18-cv-11538 (NSR) (LMS)
        Request for limited discovery
        C&S Ref.:  250.8630-17

Dear Judge Krause:

We represent the Town of Eastchester in the above matter.  We write to the Court with respect to the pending motion by Westchester County (ECF # 214 & 215) for a declaratory judgment declaring that the Town of Eastchester is contractually obligated to provide Westchester County a defense against plaintiff Selwyn Days' remaining claims against Westchester County.

Our request is directed to Your Honor because it entails re-opening discovery for the limited purpose of exploring the factual underpinning for the County's claim against the Town of Eastchester.  Should the Court be inclined to grant this request, we will ask Judge Román to adjourn the pending motion while that discovery is conducted.  I further note that I am authorized to state that plaintiff's counsel, Glenn A. Garber, Esq., and Rob Rickner, Esq., join in this application.

The County of Westchester's third-party complaint, and its motion for declaratory judgment, is dependent upon certain new factual allegations in the Declaration of former Westchester County Department of Public Safety Commissioner Louis. S. D'Aliso. The D'Aliso Declaration (ECF # 213-5), along with certain other factual material, was annexed to the County's third-party complaint (ECF # 213), and it now appears that these alleged facts are the basis for the County's motion for declaratory judgment.

C E R U S S I  &  S P R I N G

Hon. Andrew E. Krause, U.S.M.J.
March 15, 2022
Page 2

In our prior discussions, it was represented to us by the County that Westchester's declaratory judgment motion would be based on the text of the Agreement between Eastchester and Westchester, without any new factual allegations.   Now, Westchester is asserting a broader set of facts that were not explored in discovery of the underlying action by Days because this entire indemnification dispute did not arise until post-discovery settlement talks.

So, in essence, Eastchester now faces a summary judgment motion without the benefit of discovery into the underlying facts.  This is unfair.  Targeted discovery, including a deposition of D'Aliso, is necessary to file a response to the motion.  We do not anticipate this taking more than six weeks to complete.  Counsel for the County, however, opposes the re-opening of discovery with regard to these new factual allegations.  We therefore ask that this Court order it.

We thank the Court for its consideration of this request.

Respectfully submitted,

     /S/

PETER RIGGS

PR/ef

# CERUSSI & SPRING

Hon. Andrew E. Krause, U.S.M.J.
March 15, 2022
Page 3


cc:     Rob Rickner, Esq.
        Rickner PLLC

        Glenn A. Garber, Esq.
        Glenn A. Garber, P.C.

        Abraham Rubert-Schewel, Esq.
        Lord & Schewel, PLLC

        David H. Chen, Esq.
        Westchester County Attorney's Office