UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SELWYN DAYS,

                              Plaintiff,

  -against-

EASTCHESTER POLICE DEPARTMENT, TOWN OF EASTCHESTER, COUNTY OF WESTCHESTER, MARIO ASTARITA, GEORGE BARLETTA, MATTHEW KIERNAN, AND CHRISTOPHER CALABRESE,

                              Defendants.

18-CV-11538 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

      The City of Westchester ("Westchester") and Westchester police officer Christopher Calabrese ("Calabrese") (collectively, the "Third-Party Plaintiffs") move the Court for a declaratory judgment pursuant to Federal Rule of Civil Procedure No. 57 ("Rule 57") and 28 U.S.C. § 2201 ("Section 2201") for a declaration that the Town of Eastchester ("Eastchester" or "Third-Party Defendant") is contractually obligated to defend the Third-Party Plaintiffs against Plaintiff Selwyn Days' ("Plaintiff") remaining claims in the underlying action, which Plaintiff brought pursuant to 42 U.S.C. § 1983. (ECF No. 236.) Eastchester cross-moves pursuant to Rule 57 and Section 2201 for a declaratory judgment dismissing the Third-Party Complaint against it. (ECF No. 240.)

      For the reasons stated *infra*, the Court DENIES Third-Party Plaintiffs' and Third-Party Defendant's respective motions for declaratory judgment. Specifically, the Court construes these motions as motions for summary judgment, and then dismisses them without prejudice and with leave to renew in accordance with this District's Local Rules and this Court's Individual Rules of

Practice in Civil Cases.

## BACKGROUND

Plaintiff Selwyn Days ("Plaintiff" or "Days") commenced the underlying action pursuant to 42 U.S.C. § 1983 against the Eastchester Police Department, Town of Eastchester, Mario Astarita, George Barletta, and Matthew Kiernan (together, the "Eastchester Defendants"), the County of Westchester, and Christopher Calabrese (together, the "Westchester Defendants") (collectively, the "Defendants") on December 11, 2018. (*See* Complaint, ECF No. 1.) In this action, Plaintiff sought redress for alleged civil rights violations stemming from his 2004 and 2011 convictions for two counts of murder. (*See* First Amended Complaint ("FAC") ECF No. 52.) Plaintiff was acquitted by a jury after his fifth trial in 2017, serving 16 years and 7 months in jail before he was released, and thereby alleged the violation of his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and under state law. (*Id.*)

The Court GRANTED in part and DENIED in part the Westchester Defendants' Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), (ECF No. 65), and DENIED the Eastchester Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 103). (*See* ECF No. 122.) Specifically, Plaintiff's § 1983 claim against Defendant County of Westchester and claim for punitive damages against Defendant County of Westchester were dismissed with prejudice, and all other claims remained.

By stipulation dated February 8, 2022 (the "Stipulation") (ECF No. 210), Plaintiff agreed to dismiss all claims against the Eastchester Defendants, as well as all claims against the Third-Party Plaintiffs, except for those claims predicated upon "intentional wrongs or reckless conduct."

(*See* ECF No. 210, at 2.) On February 15, 2022, and pursuant to this Stipulation, the Westchester Defendants filed a third-party complaint (the "Third-Party Complaint") against Eastchester, asserting claims for declaratory relief, breach of contract, contractual and statutory indemnification, and contribution. (See ECF No. 213.) Subsequently, on July 29, 2022, Third-Party Plaintiffs filed a motion for declaratory judgment (the "Motion") seeking a judgment declaring that Eastchester is obligated, based on a 1995 inter-municipal agreement (the "Agreement"), to defend the Third-Party Plaintiffs against Plaintiff's remaining claims at Eastchester's sole expense. (*See* ECF. No. 236.) As established in the Stipulation, such a declaration would be dispositive of the entire case, given that Plaintiff and Third-Party Plaintiffs have agreed to dismiss all their remaining claims in that eventuality. (*See* ECF No. 210, at 2.) Finally, Third-Party Defendant filed a cross-motion for declaratory judgment (the "Cross-Motion") seeking to dismiss Third-Party Plaintiffs' Third-Party Complaint (*See* ECF No. 240.) Third-Party Plaintiffs' and Third-Party Defendant's respective motions for declaratory judgment are discussed *infra*.

## DISCUSSION

Although Third-Party Plaintiffs and Third-Party Defendant filed separate motions for declaratory judgment, such motions are procedurally improper under Rule 57. "[I]t is well established that 'because an action for a declaratory judgment is an ordinary civil action, a party may not make a motion for declaratory relief but rather ... must bring an action for a declaratory judgment.'" *Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.*, No. 11-cv-3108 (NRB), 2012 WL 3283479, at *2 (S.D.N.Y. Aug. 13, 2012) (quoting *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995)). The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United

States, upon the filing of an *appropriate pleading*, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). Rule 57 provides that the Federal Rules "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." A pleading "must meet the pleading requirements of Federal Rule of Civil Procedure 8." *Bisnews*, 2012 WL 3283479, at *2 (citations omitted). In a declaratory judgment action, like any other action, a party may not evade the notice and pleading requirements via a motion for summary judgment. *See, e.g.*, *Wallace v. Nat'l R.R. Passenger Corp.*, 5 F.Supp.3d 452, 492 (S.D.N.Y. 2014) (Nathan, J.) (declining to rule on a declaratory judgment request when first asserted at summary judgment); *Bisnews*, 2012 WL 3283479, at *3 ("[T]he straightforward problem with the pending motion is that [the plaintiff] seeks partial summary judgment on a claim that it failed to plead in its counterclaim" and such "relief must be sought through an action, not a motion, for declaratory judgment.").

However, where (as here) a motion for declaratory judgment addresses claims advanced in a third-party complaint, courts in this District may construe such a motion as a motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") on a third-party action. *GE Transportation Parts, LLC v. Cent. Ry. Mfg.*, LLC, No. 19-CV-4826 (JPO), 2022 WL 4467192, at *3 (S.D.N.Y. Sept. 26, 2022) (noting, "[b]ecause [Third-Party Plaintiff] asserts a claim for declaratory relief in the third-party complaint, the Court construes the instant joint motion as one for partial summary judgment"); *see also* I*nt'l Bhd. of Teamsters v. E. Conf. of Teamsters*, 160 F.R.D. 452, 457 (S.D.N.Y. 1995) (recognizing, "the only way Plaintiffs' motion can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment"). The Court thereby construes the

Third-Party Plaintiffs' and Third-Party Defendant's respective motions for declaratory judgment as motions for summary judgment brought pursuant to Rule 56 on the claims Third-Party Plaintiffs advance in the Third-Party Complaint.

Third-Party Plaintiffs and Third-Party Defendant, though, have each failed to comply with this District's Local Rules pertaining to motions for summary judgment brought pursuant to Rule 56, including the requirement that the moving party must accompany its motion with a statement of undisputed material facts. (*See* Joint Local Rules, S.D.N.Y. and E.D.N.Y., Effective October 15, 2021, Local Civil Rule 56.1.) Additionally, the docket is not fully developed with respect to the Third-Party Plaintiffs' and Third-Party Defendant's motions for summary judgment. Thus, these motions for summary judgment are DENIED, as Third-Party Plaintiffs and Third-Party Defendant each failed to comply with this District's Local Rules in bringing their motion and the docket is not fully developed.

## CONCLUSION

For the foregoing reasons, Third-Party Plaintiffs' and Third-Party Defendant's respective motions for declaratory judgments are construed as motions for summary judgment brought pursuant to Rule 56, and they are each DISMISSED without prejudice, with leave to renew on or before April 12, 2023, in accordance with this District's Local Rules and this Court's Individual Rules of Practice in Civil Cases.

The Clerk of the Court is directed to terminate the motions at ECF Nos. 236 and 241.

Dated: March 13, 2023  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge