**GLENN A. GARBER, P.C.**  233 BROADWAY, SUITE 2370, NEW YORK, NY 10279
ATTORNEYS AT LAW  TEL: 212-965-9370  FAX: 212-965-9375
www.glenngarber.com

April 9, 2024

Via ECF

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re: Days v. Town of Eastchester, et al., 18-CV-11538 (NSR) (AEK)

Dear Judge Román,

We, along with Rickner, PLLC., represent Plaintiff Selwyn Days in this wrongful conviction action and submit this letter, in advance of the April 12, 2024 Conference, to request leave to file a motion to dismiss the third-party claim for contribution by Defendant Westchester County against the Town of Eastchester.

We have reviewed the Court's Order on the summary judgment motion by Eastchester and understand that the prior briefing did not adequately address the contribution issue. Unfortunately, leaving this claim in place prejudices the Plaintiff. Allowing the contribution claim would complicate the trial by adding multiple parties and another set of attorneys, all of whom would, presumably, be allowed to cross-examine witnesses, open and close to the jury, and introduce evidence. Further, Plaintiff agreed to indemnify Eastchester as part of the settlement agreement, and Plaintiff may incur costs and attorneys' fees if Eastchester is forced to continue litigating.

Plaintiff's motion, if permitted, should be successful because claims for contribution in civil rights cases have been consistently dismissed. First, it should be noted, there is no claim of contribution against a defendant who has settled under New York law. See Moraskin v Lati, 201 N.Y.S.3d 213, 214 (2d Dept. 2023) (upholding dismissal of contribution claim under General Obligations Law § 15–108(b)). So any contribution claim for the state law claims is not viable.

Further, while the Second Circuit has not yet addressed the issue, "New York District Courts have generally held that there is no right to contribution in § 1983 actions." Thomas v. City of Troy, 293 F.Supp.3d 282, 301 (N.D.N.Y. 2018) (collecting cases); Crews v. Cnty. of Nassau, 612 F.Supp.2d 199, 210 (E.D.N.Y.,2009) ("federal law does not provide a basis for contribution for liability under Section 1983"); Rosado v. New York City Housing Authority, 827 F.Supp. 179, 183 (S.D.N.Y. 1989) ("there is no right to contribution under 42 U.S.C. § 1983").

Consequently, no contribution claim is viable for the state or federal claims. And no discovery is necessary because the claim is not viable as a matter of law. The only relevant fact is that Plaintiff settled with Eastchester, and that is not in dispute. The issue can be address on the

pleadings alone.

We thank the Court for its attention to this matter, and we will be available to discuss this issue at the Conference on Friday.

Respectfully,

/s/Glenn A. Garber
Glenn A. Garber

cc: All Parties by ECF