

**George Latimer**
**County Executive**

**John M. Nonna**
**County Attorney**

April 18, 2024

**VIA ECF**
Hon. Nelson S. Román
U.S. District Judge, S.D.N.Y.
Brieant Federal Courthouse, Courtroom 218
300 Quarropas Street
White Plains, New York 10601-4150

      Re:    *Selwyn Days v. County of Westchester, et al.*, 18-cv-11538 (NSR) (AEK)

Dear Judge Román:

      The County of Westchester and Christopher Calabrese (hereinafter, "Westchester") write pursuant to Your Honor's directive during the conference held on April 12, 2024, and in support of Westchester's application for leave to amend its Answer to add an affirmative defense regarding a setoff based on Plaintiff's settlement with Eastchester.

    **I.**    **Background**

      Selwyn Days ("Plaintiff") commenced the underlying action in December 2018 against the Town of Eastchester, the Eastchester Police Department, Mario Astarita, George Barletta, Matthew Kiernan (together, "Eastchester"), and Westchester. ECF No. 1. Plaintiff amended his complaint on May 10, 2019. ECF No. 52. Following motion practice under Federal Rule of Civil Procedure 12(b)(6), Eastchester amended its answer in January 2020 and Westchester answered on November 9, 2020. ECF Nos. 93, 138. The parties thereafter completed fact discovery.

      Beginning in May 2021, the Court stayed expert discovery while the parties engaged in settlement negotiations, which included numerous settlement conferences before the Hon. Andrew E. Krause, U.S.M.J. Ultimately, Plaintiff and Eastchester reached a settlement. On February 11, 2022, this Court so-ordered a stipulation dismissing all Plaintiff's claims against Eastchester, and dismissing all claims against Westchester except for those alleging "intentional wrongs or recklessness." ECF No. 210. In addition, the so-ordered stipulation granted Westchester leave to file a third-party complaint. Plaintiff agreed that, if Westchester prevailed on its claims for defense or indemnification against Eastchester, Plaintiff would voluntarily dismiss its remaining claims against Westchester with prejudice. *Id.* Thus, Westchester filed its third-party complaint against Eastchester on February 15, 2022, and Westchester and Eastchester thereafter cross-moved for summary judgment on the third-party defense and indemnity claims. ECF Nos. 213, 246, 251. On March 4, 2024, this Court issued an order denying Westchester's summary judgment motion and granting in part Eastchester's motion, dismissing the third-party defense and indemnity claims. ECF No. 265. Following the issuance of that

order, Plaintiff and Eastchester each sought leave to move to dismiss the sole remaining third-party claim—contribution. ECF Nos. 266, 268. Westchester then agreed to the entry of an order dismissing the claim. ECF No. 269. On April 12, 2024, the Court entered an order dismissing the contribution claim and the third-party complaint in its entirety. ECF No. 271. Westchester now respectfully requests permission to amend its Answer to assert an affirmative defense for a setoff, consistent with state and federal law, as set forth below.

## II.     Westchester Should Be Permitted to Add the Affirmative Defense of Setoff

Federal Rule of Civil Procedure 15(a)(2) instructs that "a party may amend its pleading" by obtaining leave of court, and "[t]he court should freely give leave when justice so requires." The Supreme Court has explained that if the "underlying facts or circumstances" cited by the movant "may be a proper subject of relief, [the movant] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (quoting *Foman*, 371 U.S. at 182). Accordingly, a court should allow a party to amend in the absence of "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party . . . [or] futility of amendment." *Foman*, 371 U.S. at 182; *Williams*, 659 F.3d at 213-214. An amendment to add an affirmative defense is only considered futile where the proposed defense is insufficient as a matter of law, and thus could not withstand a motion to strike. *Credit Suisse First Boston, LLC v. Intershop Commc'ns AG*, 407 F. Supp. 2d 541, 546 (S.D.N.Y. 2006); *see also Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) ("Futility is a determination, as a matter of law, that proposed amendments would fail to . . . state a claim under Rule 12(b)(6).").

Westchester should be permitted to add the affirmative defense of a setoff to its Answer. First, Westchester has not engaged in any undue delay, bad faith, or dilatory motive in seeking to assert this defense. As the timeline above demonstrates, following entry of the so-ordered stipulation (ECF No. 210), the parties prudently paused any further work on the main, underlying *Days* lawsuit, and allowed the third-party complaint process to play out. This was for good reason: under the stipulation, had Westchester prevailed against Eastchester, then the underlying main action would have been dismissed with prejudice in its entirety, obviating the need for any further litigation in this action. Further, the affirmative defense of a setoff could not have been asserted previously, when the underlying *Days* suit was being actively litigated, because Plaintiff's settlement with Eastchester had not yet occurred and is the predicate for the affirmative defense. With the resumption of the main action, the County diligently sought leave for its anticipated amendment. The same day that this Court dismissed the third-party complaint in its entirety, ECF No. 271, Westchester alerted Plaintiff that it would seek to assert the affirmative defense and made the request to the Court as well. Therefore, there are no issues of undue delay, bad faith, or dilatory motive. Westchester has exercised reasonable diligence in seeking to add this affirmative defense.

Nor would amendment be futile. For the state law claims still at issue, Westchester seeks to add an affirmative defense under N.Y. General Obligations Law 15-108—a statute that even Plaintiff has recently asserted applies here. *See* ECF No. 266. Section 15-108(a) "provides that [the plaintiff's] claim against the remaining tortfeasors is reduced by the greater of (1) the amount paid for the release; (2) the amount stipulated in the release; and (3) the released tortfeasor's equitable share of the plaintiff's damages." *Schipani v. McLeod*, 541 F.3d 158, 159 (2d Cir. 2008); *Jordonne v. Ole Bar & Grill*, No. 13 Civ. 1573 (VB)(JCM), 2016 U.S. Dist. LEXIS 56943, at *34 n.9 (S.D.N.Y. Apr. 26, 2016) ("While New York General Obligations Law § 15-108 allows for a reduction in damage awards based on the amount received by settling parties, such protection must be raised as an affirmative defense,

or it is forfeited."); *cf. Whalen v. Kawasaki Motors Corp., U.S.A.*, 92 N.Y.2d 288, 293 (1998) ("Under the CPLR's liberal pleadings practice, a party may amend its pleadings to raise . . . § 15-108 as a defense at any time, even after trial, provided that the late amendment does not prejudice the other party.").

For federal Section 1983 claims, Westchester does not seek to assert an affirmative defense under Section 15-108. Rather, consistent with existing federal law, Westchester plans to assert that it is entitled to a setoff equivalent to the amount of Eastchester's proportionate fault, as that responsibility would be allocated by a jury at any trial in this matter. *See McDermott, Inc. v. Amclyde*, 511 U.S. 202, 204 (1994) (holding that the liability of the nonsettling defendants in admiralty suit "should be calculated with reference to the jury's allocation of proportionate responsibility," not a dollar-for-dollar amount); *Restivo v. Hessemann*, 846 F.3d 547 (2d Cir. 2017) (opining that "a nonsettling party is entitled to a setoff only of a settling tor[t]feasor's proportionate fault;" but denying application for setoff under Section 1983 due to specific facts and circumstances of the case, where, among other things, the settlement for which defendant sought setoff involved a separate proceeding, dissimilar non-Section 1983 claims, and the jury here was never asked to apportion fault).

Finally, Plaintiff will not be prejudiced by this proposed amendment. The affirmative defense, if asserted, will not require Eastchester to continue to litigate as a party to this action, eliminating the asserted prejudice Plaintiff recently claimed it would suffer with respect to the third-party contribution claim. ECF No. 266. Nor will the amendment require Plaintiff "to expend significant additional resources to conduct discovery and prepare for trial." *Lyons v. New York*, 15 Civ. 3669 (NSR), 2016 U.S. Dist. LEXIS 130651, at *24 (S.D.N.Y. Sept. 22, 2016). Fact discovery was completed before Eastchester settled (other than Plaintiff's disclosure of additional fact witnesses in 2023). And the issue of Eastchester's culpability is a key factor that will have to be raised in trial—*e.g.*, Westchester cannot be found to have failed to intervene in a constitutional violation if Plaintiff does not first prove that constitutional violation. Thus, no additional preparation is required. Further, amendment will not "significantly delay the resolution of the dispute." *Id.* The issue of apportionment and setoff would be handled as part of routine trial matters, including jury instructions, the verdict sheet, and post-trial briefing. There is no independent process that needs to play out before these issues are addressed in the context of a trial, other than the technical filing of an amended answer. Indeed, if Westchester prevails on summary judgment, the issue of setoff will never ripen.

Westchester believes that its request to amend can be adequately resolved on this letter and Plaintiff's expected opposition, but can provide further briefing if the Court desires. We thank the Court for its attention to this matter.

                                              Respectfully submitted,

                                              *Shawna C. MacLeod*
                                              Shawna C. MacLeod
                                              Senior Assistant County Attorney
                                              148 Martine Avenue, Suite 600
                                              White Plains, New York 10601
                                              scma@westchestercountyny.gov
                                              (914) 995-4194
                                              *Counsel for Westchester Defendants*

cc: All counsel of record (via ECF)