

**George Latimer**
**County Executive**

**John M. Nonna**
**County Attorney**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/2024

December 9, 2024

**VIA ECF**
Hon. Nelson S. Román
U.S. District Judge, S.D.N.Y.
Brieant Federal Courthouse, Courtroom 218
300 Quarropas Street
White Plains, New York 10601-4150

**Plaintiff has not provided a basis for the stay or what effect the new information would have on his claims or the pending motion. Accordingly, Plaintiff has failed to articulate a good faith or legal basis for the relief sought. Plaintiff's application is denied without prejudice. The Clerk of Court is directed to terminate the motion at ECF No. 302.**

**Dated: December 9, 2024**
**White Plains, NY**

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

Re:    *Selwyn Days v. County of Westchester, et al.*, 18-cv-11538 (NSR) (AEK)

Dear Judge Román:

    The County of Westchester and Christopher Calabrese (hereinafter, "Defendants") write to oppose Plaintiff's request for "a stay of any ruling on [Defendants'] pending motion for summary judgment," ECF No. 302, which has been fully submitted since September of this year. ECF Nos. 287-300. For the reasons set forth below, the requested stay is unnecessary and unwarranted, and should be denied.

    While district courts have discretionary authority to stay a case when the interests of justice so require, *see, e.g.*, *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)), "[a] stay of a civil case is an extraordinary remedy." *Hicks v. City of N.Y.*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) (denying stay of a § 1983 claim pending a state court action); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). The burden is on the party seeking a stay to establish its need. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997). Plaintiff has not remotely met that burden here.

    Plaintiff argues that "new information" the District Attorney's Office ("DA") has obtained "implicating individuals other than [Plaintiff] in the murder[s]" is "vital to [his summary judgment] opposition," and warrants a stay. But information about potentially new suspects in the decades-old murder is immaterial to the issues in the fully briefed motion. Indeed, Days was acquitted of the double-homicide already, more than seven years ago—which is why he commenced this case in the first place. He has maintained his absolute innocence throughout this litigation; his Amended Complaint asserts that he was "exonerated" already. Am. Compl., ECF No. 52, ¶¶ 1, 71 n.2.

    This Court may recall that Plaintiff raised the DA's investigation and the prospect of its identifying the "real killer" during the April 12, 2024, pretrial conference in this case. Defendants argued then that, regardless of new information, they should be permitted to make their motion, given the legal questions at hand. This Court agreed, and set the briefing schedule. Simply put, this new information—however critical to Plaintiff's pending Court of Claims case against New York State,

where he must *prove* actual innocence—does not overlap with the remaining issues in this litigation concerning Calabrese and the County.

Boiled down, the issues in the pending motion center on Calabrese's actions and observations on February 15 and 16, 2001, including whether he: (1) witnessed, and should have interceded during, an allegedly "coerced" confession; and/or (2) manipulated Cherlyn Mayhew into falsely implicating Plaintiff in the Eastchester murders. Thus, even if verified, the identity of any alleged "real killer" simply has no evidentiary or ultimate factual value with respect to Calabrese's actions over a one-day period roughly twenty-four years ago. It makes no difference to the motion whether Days's confession was true or false—the only material issue is whether Calabrese witnessed any coercion such that he should have intervened. As noted in Defendants' motion, "even if a confession is false, it does not necessarily follow that it was coerced." ECF No. 292, Defs.' Mem. at 9 (citing *Smith v. United States*, 348 U.S. 147, 153 (1954) ("[T]he experience of the courts, the police and the medical profession recounts a number of false confessions voluntarily made.")).

Attempting to link the DA's information to his claims against Defendants, Plaintiff asserts his unsupported "belie[f]" that "the new evidence stems from a lead during the initial investigation that could have . . . been followed up on." But Plaintiff's professed "belief" is insufficient for a stay. Even considering this "belief," Calabrese's involvement in Eastchester's homicide investigation prior to February 2001 was incontrovertibly *de minimis*, as set forth in Defendants' Local 56.1 Statement. *See* ECF No. 288. The Eastchester Officers handled the murder investigation beginning in 1996, and they are no longer a part of this litigation, having settled with Plaintiff already.

Moreover, the status of the DA's investigation is unknown. Plaintiff represents that he will provide an update to the Court later this month, but he proposes no overall timeframe for the investigation. Indeed, nearly thirty years have passed since the double-homicide, and more than seven years have lapsed since Plaintiff's acquittal. It is unpredictable how long the DA's investigation will take. This litigation has been ongoing for almost six years; allowing an indefinite stay of a dispositive motion—when that motion has been fully submitted for several months, and fact discovery has been closed for years—does not serve the interests of justice, particularly when that stay would be to (possibly) resolve a factual issue that has no bearing on the issues before this Court in the current lawsuit.

Given all the above, there will be no undue prejudice to Plaintiff if the Court decides this fully briefed dispositive motion. A stay should not be granted.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*Shawna C. MacLeod*
Shawna C. MacLeod
Senior Assistant County Attorney
148 Martine Avenue, Suite 600
White Plains, New York 10601
scma@westchestercountyny.gov
(914) 995-4194