# GLENN A. GARBER, P.C.
## ATTORNEYS AT LAW

233 BROADWAY, SUITE 2370, NEW YORK, NY 10279

TEL: 212-965-9370  FAX: 212-965-9375
www.glenngarber.com

**CORRECTED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/2024
```

December 11, 2024

**Via ECF**
The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

MEMO ENDORSED

Re: *Days v. Town of Eastchester, et al.*, 18-CV-11538 (NSR) (AEK)

Dear Judge Román,

We, along with Rickner, PLLC, represent Plaintiff Selwyn Days in this wrongful conviction action and submit this letter in reply to the Defendants' opposition for a stay (DE 304), and in furtherance of our request for a stay in light of the Court's recent order (DE 305)(denying request without prejudice).

First, the reason we ask for until the end of December for an update is because we were specifically informed by the Westchester County District Attorney (WCDA)'s Office that an update with more details about its investigation will be forthcoming by mid-December. So, our request for a stay, at least for now, is temporary, with the understanding that we may request a longer period depending on what we learn and what the parties' positions are when more information is obtained.

Second, although Selwyn Day's innocence is essential to the pending Court of Claims action – there, we must prove innocence – it is also highly relevant to this civil rights case and the pending summary judgment motion. As we state in our December 3, 2024 letter (DE 302), if Days is innocent his confession is false, and there is an increased likelihood that police wrongdoing occurred during the interrogation. To amplify, for civil liability one key feature of a coerced false confession is the feeding of facts to a suspect by the interrogators and lying to prosecutors about it; as opposed to the suspect spontaneously offering crime facts that only the assailant would know. Here, Defendant Calabrese claims that he witnessed Days spew crime facts, unprompted, and that he contemporaneously wrote it down, which he forwarded to prosecutors as evidence against Days. The likelihood that this account is true greatly diminishes if Days is innocent.

Third, our "belief" that the lead that underlies the new revelation from the WCDA's current investigation is not speculation, as the Defendants' imply. The investigation was reopened on our insistence based up information that dated back to the original investigation that two Jamaican men were overhead talking about robbing and silencing an old white man and his caretaker, in Westchester, among other details, shortly before the murders of Archie Harris and Betty

1

Ramcharan. Plaintiff's papers on summary judgment indicate that this information was known to police and Defendant Calabrese, who had a hand in this aspect of the investigation, long before Days' arrest, yet it was never followed up on. (Plaintiff's Response to Defendants' Rule 56.1 Statement, pp. 1-6, DE 288). This is relevant to the quality of the police investigation, to Calabrese's conduct as to the investigation, and thus to summary judgment. We anticipate providing an update shortly that will address the genesis of the new evidence among other things.

In sum, we simply ask for a stay until the month's end so we can obtain and provide more information, with the caveat that we can request a longer stay and other contingencies when more information becomes available.

Thank you for your consideration.

Respectfully,

/s/Glenn A. Garber
Glenn A. Garber

cc: All Parties by ECF

> **Upon reconsideration of movant's application, the Court in its discretion stays resolution of the pending Summary Judgment motion until January 31, 2025. The Clerk of Court is directed to terminate the motions at ECF No. 306 and 307.**
>
> **Dated: December 12, 2024**
> **White Plains, NY**
>
> SO ORDERED:
>
> _____
> NELSON S. ROMÁN
> United States District Judge

2